**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1056
_____

DANIEL BOCK, JR.

v.

PRESSLER & PRESSLER, LLP,

                                        Appellant

_____

On Appeal from the United States District Court for the
District of New Jersey
(District Court No.: 2-11-cv-07593)
District Judge: Honorable Kevin McNulty

_____

Argued on November 10, 2015

Before: CHAGARES, RENDELL and BARRY, <u>Circuit Judges</u>.

(Opinion Filed: July 27, 2016)

Manuel H. Newburger, Esquire **(Argued)**
Barron & Newburger
1212 Guadalupe
Suite 104
Austin, TX   78701

Mitchell L. Williamson, Esquire
Pressler & Pressler, LLP
7 Entin Road
Parsippany, NJ   07054

        Counsel for Appellant

Cary L. Flitter, Esquire **(Argued)**
Andrew M. Milz, Esquire
Flitter Milz
450 North Narberth Avenue
Suite 101
Narberth, PA   19072

Deepak Gupta, Esquire
Gupta Wessler
1735 20th Street, N. W.
Washington, DC   20009

Philip D. Stern, Esquire
Andrew T. Thomasson, Esquire
Stern Thomasson
2816 Morris Avenue
Suite 30
Union, NJ   07083

Counsel for Appellee


Jeanne L. Zimmer, Esquire
Carlson & Messer
5959 West Century Boulevard
Suite 1214
Los Angeles, CA   90045

Counsel for Amicus-Appellants


Kristin Bateman, Esquire  **(Argued)**
Consumer Financial Protection Bureau
1700 G Street, N. W.
Washington, DE   20552

Counsel for Amicus-Appellee Consumer
Financial Protection Bureau

Theodore P. Metzler, Jr., Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N. W.
Washington, DC   20580

Counsel for Amicus-Appellee
Federal Trade Commission

_____

O P I N I O N

_____

**RENDELL**, Circuit Judge:

Defendant-Appellant Pressler and Pressler, LLP appeals the District Court's order

granting Plaintiff Bock's motion for summary judgment. Bock alleged that Pressler and

Pressler made a false or misleading representation in violation of the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. § 1692e, by filing a state complaint without

meaningful attorney review. Although the issue of Article III standing was not raised by

the District Court or by the parties, "we are required to raise issues of standing *sua sponte*

if such issues exist." *Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). At the

time of oral argument in this case, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), was

pending before the United States Supreme Court. It had the potential to impact cases like

Bock's, when the alleged injury to the plaintiff flows from the violation of a procedural

right granted by statute. We asked the parties to address *Spokeo* at oral argument and

requested written briefing after the opinion was published on May 16, 2016.[1]

The issue of standing is "an essential and unchanging part of the case-or-

controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560

(1992). "The doctrine developed in our case law to ensure that federal courts do not

_____

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331; we have
jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over an order
granting summary judgment. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002).

3

exceed their authority as it has been traditionally understood." *Spokeo*, 136 S. Ct. at 1547. Constitutional standing requires the party invoking jurisdiction to meet three elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[.] Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely . . . that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. 560–61 (internal citations and quotation marks omitted). The issue presented in *Spokeo* was whether the violation of a procedural right granted by statute presents an injury sufficient to constitute an "injury-in-fact" and satisfy the "'[f]irst and foremost' of standing's three elements." *Spokeo*, 136 S. Ct. at 1547.

While the Supreme Court did not change the rule for establishing standing in *Spokeo*, it used strong language indicating that a thorough discussion of concreteness is necessary in order for a court to determine whether there has been an injury-in-fact. *Id.* at 1545. The Court made it clear that the requirements of particularization and concreteness required separate analyses and that neither requirement alone was sufficient. *Id.* at 1548 ("Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'"). In determining whether there is a concrete injury, the presentation of an alleged statutory violation is not always sufficient. *Id.* at 1549 ("[Plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."). However, the Court confirmed that "because Congress is well positioned to identify

4

intangible harms that meet minimum Article III requirements . . . . [it] may elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id*. (internal quotation marks omitted). Essentially, "the question framed by [the Court's] discussion [is] whether the particular procedural violations alleged in [a] case entail a degree of risk sufficient to meet the concreteness requirement." *Spokeo*, 136 S. Ct. at 1550.

We recently discussed *Spokeo*'s impact on Article III standing in *In re Nickelodeon Consumer Privacy Litig.*, No. 15-1441, 2016 WL 3513782 (3d Cir. June 27, 2016). There, we interpreted *Spokeo* to say that "even certain kinds of 'intangible' harms can be 'concrete' for purposes of Article III . . . . What a plaintiff cannot do . . . is treat a 'bare procedural violation . . . [that] may result in no harm' as an Article III injury-in-fact." *Id*. at *7 (quoting *Spokeo*, 136 S. Ct. at 1550). We observed that "in some cases an injury-in-fact may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Nickelodeon*, 2016 WL 3513782 at *6. Specifically, we addressed the Supreme Court's deference to Congress, noting that "*Spokeo* directs us to consider whether an alleged injury-in-fact 'has traditionally been regarded as providing a basis for lawsuit,'" and "Congress's judgment on such matters is . . . 'instructive and important.'" *Id*. at *7 (quoting *Spokeo*, 136 S. Ct. at 1549).

Given the Supreme Court's directive in *Spokeo* regarding the need for a court to specifically address concreteness and particularization, we will remand this case to the District Court to determine in the first instance whether Bock has Article III standing.